THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

DANIEL LUBIN, on behalf of himself and
others similarly situated,

    Plaintiff,

vs.                                                    Case No.

BANK OF AMERICA, N.A.,                 State Court Case No. CACE-21-010486

    Defendant.
_____/

## NOTICE OF REMOVAL OF CIVIL ACTION

Pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, defendant Bank of America, N.A. ("Bank of America" or "Defendant") hereby removes this action from the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida, and styled as Case No. CACE21-010486 (the "State Court Action"), to the United States District Court for the Southern District of Florida, Miami Division. In support of removal, Bank of America states as follows:

### I. BACKGROUND

1. On May 25, 2021, Plaintiff Daniel Lubin ("Plaintiff"), individually and on behalf of all others similarly situated, commenced a putative class action by filing a Class Action Complaint ("Complaint") against Bank of America. A true and correct copy of the Complaint is attached hereto as **Exhibit A**.

2.  On June 1, 2021, Bank of America was served with the Complaint. A true and correct copy of the Service of Process is attached hereto as **Exhibit B**.

3.  True and correct copies of all process, pleadings, and orders in the State Court Action not previously referenced are attached hereto as **Exhibit C**.

4.  The Complaint alleges that Bank of America unlawfully intercepted Plaintiff's and putative class members' "electronic communications" in violation of the Florida Security of Communications Act ("FSCA"), Fla. Stat. § 934.03 and § 934.04. (Ex. A ¶¶ 4–5).

5.  This Notice of Removal is timely under 28 U.S.C. § 1446(b), as it is filed within thirty (30) days after Plaintiff's service of the Complaint upon Bank of America.

6.  Nothing in this Notice of Removal shall constitute a waiver of Bank of America's right to assert any defense, including motions pursuant to Federal Rule of Civil Procedure 12, as the case progresses.

## II. VENUE

7.  The basis for removal and this Court's original jurisdiction derives from 28 U.S.C. § 1332. This is a purported class action in which the Complaint alleges that the putative class includes no less than 100 individuals and the amount in controversy exceeds the sum of $5,000,000, exclusive of interest and costs, and in which the plaintiff is a citizen of a State different from the defendant. Removal is

proper under 28 U.S.C. § 1441 because this Court has original diversity jurisdiction over the underlying dispute pursuant to 28 U.S.C. § 1332(d)(2).

8. Venue is proper under 28 U.S.C. § 1441(a) because this Court is the district and division embracing Broward County, Florida, the location where the State Court Action is pending.

### III. JURISDICTION

9. This action is properly removable under the Class Action Fairness Act, 28 U.S.C. § 1332 ("CAFA"), because, as discussed in more detail below, (i) it is a purported class action, (ii) the putative class exceeds 100 individuals, (iii) the plaintiff is a citizen of a State different from the defendant, and (iv) the amount in controversy exceeds $5,000,000 in the aggregate, exclusive of interest and costs. *See* 28 U.S.C. § 1332(d).

#### A. This Action Meets the "Class Action" Definition Under CAFA

10. The State Court Action is a "class action." CAFA provides:

> [T]he term "class action" means any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action . . . .

28 U.S.C. § 1332(d)(1)(B). CAFA further provides "[t]his subsection shall apply to any class action before or after the entry of a class certification order by the court with respect to that action." 28 U.S.C. § 1332(d)(8).

11. Plaintiff filed the State Court Action as a putative class action. *See* (Ex. A ¶ 1) ("This is a class action suit . . . .")

12. Plaintiff also asserts that he seeks to represent a class, defined as:

> Florida residents who visited the [bankofamerica.com] Websites or the [Bank of America] App, and whose electronic communications were intercepted or recorded by Glassbox.

(Ex. A ¶ 43).

### B. The Putative Class Exceeds 100 Members

13. Plaintiff alleges that the putative class is, upon information and belief, "in the thousands." (Ex. A ¶ 44; *see also* **Exhibit D**, Declaration of Tom R. Jordan, ¶ 10). Accordingly, the proposed class has at least one hundred members in the aggregate. 28 U.S.C. § 1332(d)(5)(b).[1]

### C. The Action Meets CAFA's Minimal Diversity Requirement

14. CAFA applies when "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A). "Under CAFA, federal courts now have original jurisdiction over class actions in which the amount in controversy exceeds $5,000,000 and there is minimal diversity (at least one plaintiff and one defendant are from different states)." *Evans v. Walter Indus., Inc.*, 449 F.3d 1159, 1163 (11th Cir. 2006).

---

[1] Although the putative class proposed by Plaintiff meets the threshold for jurisdictional purposes, Bank of America denies that this action ultimately will prove appropriate for class treatment.

15. Plaintiff alleges that he is a citizen of Fort Lauderdale, Florida. (Ex. A ¶ 8).

16. Bank of America is a national bank incorporated in Delaware with its principal place of business in North Carolina. (Ex. A ¶ 9; *see also* Ex. D ¶ 3 *and* **Exhibit E**). Bank of America is therefore a citizen of Delaware and North Carolina. *See* 28 U.S.C. § 1332 ("a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business.").

17. Accordingly, because Plaintiff is a citizen of Florida, and Bank of America a citizen of Delaware and North Carolina, CAFA's minimal diversity requirement is satisfied. *See* 28 U.S.C. § 1332(d)(2)(A).

**D.  This Action Meets CAFA's Amount-in-Controversy Requirement**

18. CAFA creates original jurisdiction for "any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(2). The claims of the individual class members are aggregated to determine whether the matter in controversy exceeds $5,000,000. 28 U.S.C. § 1332(d)(6).

19. The amount-in-controversy analysis considers the amount the plaintiff has placed in controversy, not the amount the plaintiff is likely to recover. *McDaniel v. Fifth Third Bank*, No. 14-11615, 2014 U.S. App. LEXIS 10489, *2-*3 (11th Cir.

June 5, 2014) ("[T]he plaintiff['s] likelihood of success on the merits is largely irrelevant to the court's jurisdiction because the pertinent question is what is in controversy in the case, not how much the plaintiffs are ultimately likely to recover.") (citing *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 751 (11th Cir. 2010) (emphasis in original)).

20. To satisfy this requirement, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold; the notice need not contain evidentiary submissions." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 81 (2014); *see also Anderson v. Wilco Life Ins. Co.*, 943 F.3d 917, 925 (11th Cir. 2019).

21. Nevertheless, Bank of America has submitted a declaration in support of its notice of removal that supports how the amount in controversy requirement is satisfied. *See* Ex. D. When determining whether the $5,000,000 threshold has been surpassed, "a court may rely on evidence put forward by the removing defendant, as well as reasonable inferences and deductions drawn from that evidence." *Anderson*, 943 F.3d at 925 (citing *S. Fla. Wellness, Inc. v. Allstate Ins. Co.*, 745 F.3d 1312, 1315 (11th Cir. 2014)).

22. Although Plaintiff's Complaint filed in the State Court Action does not specify the amount of damages Plaintiff and the class seek in total, it includes

allegations that indicate the amount in controversy exceeds $5,000,000, exclusive of interests and costs. (*See* Ex. A ¶ 10).

23. Plaintiff's Complaint seeks declaratory and injunctive relief, liquidated damages, punitive statutory damages, and attorneys' fees and costs. (Ex. A ¶ 67). The damages sought by Plaintiff are set forth by the FSCA, which provides for "liquidated damages computed at the rate of $100 a day for each day of violation or $1,000, whichever is higher." Fla. Stat. § 934.10(1)(b). The statute of limitations for an FSCA claim is two years. Fla. Stat. § 934.10(3).

24. Further, Plaintiff's Complaint alleges three causes of action[2] against Bank of America, two of which request statutory damages and attorneys' fees. (*See* Ex. A ¶¶ 71, 78). These allegations provide additional support that the amount-in-controversy requirement under CAFA is met.

25. Records available to Bank of America reflect that during the two years prior to the filing of the Complaint, well above 5,000 unique users visited the Websites or Apps from Florida IP addresses. *See* Ex. D ¶¶ 9, 10. Since Plaintiff seeks to recover up to the maximum statutory damages of $1,000 for each class member, the aggregated sum of alleged statutory damages alone therefore exceeds $5,000,000. Plaintiff's claims for attorneys' fees and injunctive relief further increase the "sum or value" his demand places in controversy and, when taken

---

[2] Bank of America reserves the right to challenge whether the causes of action are properly pled.

together with the statutory damages Plaintiff demands, yields a value that satisfies the jurisdiction amount under CAFA.  *See* 28 U.S.C. § 1332(d)(2); *see also Federated Mut. Ins. Co. v. McKinnon Motors, LLC*, 329 F.3d 805, 808 (11th Cir. 2003) ("The general rule is that attorneys' fees do not count towards the amount in controversy unless they are allowed for by statute or contract.").

## IV. **NOTICE**

26. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served on Plaintiff's counsel and a copy is being filed with the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida.

27. A copy of the civil cover sheet is attached hereto.

## V. **CONCLUSION**

WHEREFORE, Bank of America respectfully requests this Court to assume full jurisdiction over the cause herein, as provided by law, and to issue all necessary orders and process.

DATED:  July 1, 2021.

                Respectfully submitted,

                /s/ *Jason H. Baruch*
                Jason H. Baruch
                Florida Bar No. 10280
                Jessica S. Kramer
                Florida Bar No. 125420
                HOLLAND & KNIGHT LLP
                100 North Tampa St., Suite 4100
                Tampa, FL 33602

    813-227-8500 // 813-229-0134 fax
    E-mail: jason.baruch@hklaw.com
     Secondary:  wendysue.henry@hklaw.com
    E-mail: jessica.kramer@hklaw.com
     Secondary: gloria.mcknight@hklaw.com

    *Attorneys for Bank of America, N.A.*

    and

    Brandon T. White
    Florida Bar No. 106792
    HOLLAND & KNIGHT LLP
    701 Brickell Avenue Suite 3300
    Miami, FL 33131
    305-374-8500
    E-Mail: brandon.white@hklaw.com